IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SARA SAVOY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12-cr-00205-CW<br><br>District Judge Clark Waddoups |

Before the court is Defendant Sara Savoy's ("Ms. Savoy") Motion to Amend/Correct Judgment ("Motion").[1] Ms. Savoy moves to reduce the restitution that she owes to Reaction Engineering International ("REI") under the criminal judgment entered against her in this case. The Government does not oppose a reduction in restitution to REI of $277,311.23.[2] For the reasons discussed below, Ms. Savoy's Motion is granted in part and denied in part.

## BACKGROUND

On April 18, 2012, Ms. Savoy was charged with one count of filing a false tax return in violation of 26 U.S.C. § 7206(1).[3] Ms. Savoy pled guilty on May 22, 2012,[4] and was sentenced on September 11, 2012.[5] As part of her sentence, Ms. Savoy was ordered to pay restitution in the

---

[1] ECF No. 20. This matter was reassigned from Judge Benson to Judge Waddoups on June 3, 2021. ECF No. 198.

[2] ECF No. 24 at 6; ECF No. 26 at 3.

[3] ECF No. 1.

[4] ECF No. 7.

[5] ECF Nos. 10, 12.

amount of $2,306,963.[6] In particular, Ms. Savoy was ordered to pay restitution in the following amounts:

$1,776,117 to REI

$530,846 to Internal Revenue Service ("IRS")

Since the criminal judgment was entered in this case, Ms. Savoy has paid $13,987 directly to the Clerk of Court, pursuant to 18 U.S.C. § 3611, as restitution to REI in this case. As is relevant to this Motion, Ms. Savoy has also paid sums of $217,628.58[7] and $59,682.65[8] to REI in the parallel state civil proceeding, *Reaction Eng'g Int'l v. Sara L. Savoy, et al.*, Case No. 110913476 (Utah Third Dist. Ct.) as restitution for the same loss at issue in this case, therefore leaving $1,484,818.77 owing to REI, as of December 3, 2020.[9]

In the instant Motion, Ms. Savoy seeks to offset her restitution obligation by $277,311.23 to reduce the balance that is owed to REI. In its response, the Government agrees that Ms. Savoy is entitled to a credit against her criminal judgment and informs the court that it has confirmed that Ms. Savoy has, indeed, paid restitution of $277,311.23 to REI in Case No. 110913476, as of December 3, 2020.[10]

---

[6] ECF No. 12 at 5.

[7] ECF No. 24-1 at 3.

[8] ECF No. 24-2 at 3; ECF No. 25; ECF No. 26 at 2-3.

[9] It is undisputed that the conduct causing the loss identified in this case is the same conduct that caused the loss in case no. 110913476. ECF No. 24 at 2. Additionally, consistent with 18 U.S.C. § 3664(j), Judge Benson ordered that restitution payments made toward satisfaction of the judgment must be disbursed to REI before the IRS. ECF Nos. 10, 12.

[10] ECF No. 24 at 3-4.

## DISCUSSION

Restitution awards under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, are implemented and enforced according to section 3664. 18 U.S.C. § 3663A(d) (providing that an order of restitution under 18 U.S.C. § 3663A "shall be issued and enforced in accordance with section 3664"). As relevant here, section 3664(j) provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in a federal or state civil proceeding. 18 U.S.C. § 3664(j)(2). In such circumstances, section 3664(j)(2) entitles a defendant to a reduction in the amount to be paid to that victim in order to limit restitution that would result in an overpayment to that victim.

Although the MVRA does not detail the exact procedures for such an offset, *see* 18 U.S.C. § 3664(e) (providing generally that "[a]ny dispute as to the proper amount or type of restitution" is to be resolved by the preponderance of the evidence and specifying the allocation of the burden of proof in a variety of circumstances), the United States Court of Appeals for the Tenth Circuit, citing other circuits, has recognized that defendants are entitled to move the district court for a credit or offset to their restitution obligations pursuant to section 3664(j)(2) once a victim has recovered such damages, *see, e.g.*, *United States v. Howard*, 887 F.3d 1072, 1079 n.3 (10th Cir. 2018); *United States v. Smathers*, 879 F.3d 453, 460-61 (2d Cir. 2018); *United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998).[11] To the extent a defendant is entitled to an offset, the defendant bears

---

[11] *See also United States v. Malone*, 747 F.3d 481, 486 (7th Cir. 2014) ("[T]he defendant is in the best position to know what he has returned to the victim dand has the strongest incentive to litigate the issue").

3

the burden of proving the amount of that offset. *Howard*, 887 F.3d at 1079; *United States v. Willis*, No. 1:15-CR-3764 WJ, 2018 WL 5314920, at *4 (D.N.M. Oct. 26, 2018). Given this statutory provision, Ms. Savoy requests an offset of her restitution obligation by the amount of compensatory damages received by REI in the parallel state civil action.

I.   **MS. SAVOY'S REQUEST TO AMEND THE JUDGMENT IS DENIED.**

Ms. Savoy moves to amend/correct the criminal judgment imposed in this case; however, the court lacks authority to modify a sentence absent a clerical error. *United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir. 1996) ("Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence."). Because no error has been alleged, Ms. Savoy's motion to amend/correct judgment is denied.

II.  **MS. SAVOY'S REQUEST TO OFFSET HER CRIMINAL RESTITUTION OBLIGATION IS GRANTED.**

Nevertheless, pursuant to 18 U.S.C. 3664(j)(2)(B), a reduction of Ms. Savoy's restitution obligation to REI is appropriate. Based on the above, the court finds that Ms. Savoy has paid $277,311.23 in restitution to REI in the parallel state civil action, Case No. 110913476, post entry of the criminal judgment in this case. Therefore, Ms. Savoy is entitled to offset her restitution obligation to REI by $277,311.23. No amount shall be credited to Ms. Savoy's restitution obligation to the IRS in the amount of $530,846, which is separate and independent from those payments to REI and relating to Case No. 110913476. Accordingly, Ms. Savoy's outstanding restitution obligation to REI ($1,776,117) shall be reduced both by the amount she has paid directly to the Clerk of Court in this case ($13,987) and the amount that she has paid to

REI in connection with Case No. 110913476 ($277,311.23), leaving $1,484,818.77 owing to REI and $530,846 owing to the IRS in this case.

## ORDER

Based on the foregoing, Ms. Savoy's Motion to Amend/Correct Judgment[12] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Ms. Savoy's request to amend/correct judgment is **DENIED**.

2. Ms. Savoy's request to reduce the restitution debt that she owes to REI in this case is **GRANTED**.

3. **IT IS HEREBY ORDERED** that the Clerk of Court shall apply a $277,311.23 credit to Ms. Savoy's restitution balance to REI for the amounts collected in Case No. 110913476, thereby reducing her restitution balance to REI from $1,776,117 to $1,484,818.77 in this case.[13] After the credit is applied, the restitution obligation shall reflect that Ms. Savoy owes restitution in the amount of $2,015,664.77 as follows:

    $1,484,818.77 to REI

    $530,846 to IRS

4. **IT IS ADDITIONALLY ORDERED** that at the conclusion of each calendar year, Ms. Savoy shall provide a financial reconciliation to the Government documenting her yearly restitution payments, including wage garnishments, together with supporting documentation, to establish the offset/credit that she is entitled to for that year under section

---

[12] ECF No. 20.

[13] Nothing herein shall be construed to affect the restitution obligation in the state civil matter, case no. 110913476, which may be calculated, credited, and apportioned at the exclusive direction and care of the state court.

3664(j)(2). Ms. Savoy shall submit the financial reconciliation as described no later than December 31st of each calendar year.

     5.     **IT IS FURTHER ORDERED** that upon receipt, the Government shall take the necessary action to apply the offset/credit to her criminal restitution obligation, within 30 days after Ms. Savoy has provided sufficient documentation of the same.

     DATED August 18, 2021.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge
